IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

MAR 2 9 2002

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

HAROLD KENNETH "H.K." EDGERTON,
JOHN ERIC PATTERSON, PHYLLIS ELAINE
PATTERSON, HENCE W. "H.W." IRBY, JR.,
and LYNN DELL FOSTER,
      **Plaintiffs**

-vs-

**Case No. A-01-CA-818-SS**

CARL HALL, in his official and individual
capacity, MICHAEL HINOJOSA, in his official
and individual capacity, and ROBERT PRESLEY,
in his official and individual capacity,
      **Defendants**

## O R D E R

Before the Court are Defendants' Motion to Dismiss [#9], Plaintiffs' Motion to Extend Time

to File Response [#11], Plaintiffs' Unopposed Motion for Extension of Time to File Joint Scheduling

Order [#13], Plaintiffs' Motion for Leave to File Response to defendant's Motion to Dismiss [#15],

Plaintiffs' Motion to Set Aside Court's February 7, 2002 Order [#17], and Plaintiffs' Motion for

Leave to File Amended Complaint [#18]. On March 25, 2002, the Court called a hearing and parties

appeared through counsel of record. After considering the arguments of the parties, the relevant case

law, and the file as a whole, the Court enters the following order.

Plaintiffs filed this lawsuit against defendants Carl Hall, principal of Hays High School,

Michael Hinojosa, superintendent of Hays Consolidated Independent School District (HCISD),

Robert Presley, assistant superintended of HCISD, each in their individual and official capacities.

In their complaint, plaintiffs allege defendants excluded plaintiffs from attending a Hays High

-1-

School football game because plaintiffs were carrying flags of the State of Texas and the Confederacy, in addition to the United States flag. Plaintiffs allege defendants' actions of excluding these flags while allowing the display of the United States flag violated plaintiffs' federal civil rights protected by the First Amendment to the United States Constitution, 42 U.S.C. § 1981 (denial of right to enter into contract), § 1985(3) (civil conspiracy to deprive plaintiffs' constitutional rights), and § 2000a (right of equal access to a place of public accommodation on the basis of national origin, i.e., "Confederate Southern American"), and seek declaratory and injunctive relief.

Defendants contend their actions were in compliance with the rules and regulations of the University Interscholastic League (UIL), an entity that controls and supervises the athletic contests of public high schools in the State of Texas. The record indicates District 25 AAAAA (5A) of the UIL had passed a regulation that prohibits the display of any flag by any member of the crowd at a UIL-sponsored event. In the wake of the terrorist attacks of September 11, 2001, the District 25 5A executive committee unanimously approved a change to the general UIL flag prohibition to allow a display of the United States flag while continuing to prohibit the public display of any other flags. In their complaint, plaintiffs assert they notified Principal Hall of their belief the amended flag prohibition was unconstitutional through a personally delivered letter, and thus Hall had foreknowledge of plaintiffs' attempted violation of the UIL regulation.

On October 26, 2001, plaintiffs attended a football game involving Hays High School. Plaintiffs state that they attempted to enter the stadium with a United States flag, a State of Texas flag, and several Confederate flags, and were refused entry to the stadium as long as they attempted

to display flags in violation of the UIL regulation.[1]  Plaintiffs contend defendant Hall utilized Hays County sheriff's deputies to enforce his decision.  Defendants state the decision to prohibit plaintiffs from entering the stadium was made under the belief the UIL regulation was not unconstitutional, and also to prevent Hays High School from being subjected to forfeiture for any contest in which it violated UIL rules.  Importantly, plaintiffs do not contend defendants were responsible for the UIL rule in question, as all parties agree the flag prohibition was a regulation promulgated by the UIL, not Hays High School or the Hays CISD.

On February 7, 2002, the Court entered an order with the following findings: based on the record, (1) defendants are entitled to qualified immunity and are immune from suit in their individual capacities; (2) the UIL, not the named defendants, is the appropriate defendant for the injunctive relief sought by plaintiffs; and (3) the likelihood that a prohibition on flags at football games may well have been a reasonable time, place, and manner restriction within the contours of First Amendment law.  The Court further found plaintiffs' counsel had violated FED. R. CIV. P. Rule 11 by filing "a complaint that has no support in law or in fact against the defendants sued" and warned plaintiffs' counsel he had 21 days to file a voluntary dismissal of this lawsuit or face sanctions pursuant to FED. R. CIV. P. Rule 11.  *February 7, 2002 Order*, at 3-4.  Plaintiffs did not file a voluntary dismissal, and instead sought to amend the complaint in a manner that retained some of the individual capacity claims while also adding a claim against the UIL chairman in his official capacity.  At the March 25, 2002 hearing, plaintiffs' counsel conceded that the claims against

---

[1]There is no doubt plaintiffs knew their attempt to enter the football stadium with prohibited flags would create a confrontation at the stadium, particularly given the history of the Confederate battle flag and its display at Hays High School.

defendants in their individual capacities are not supported by case law, and that he fully expected these claims would be dismissed pursuant to FED. R. CIV. P. Rule 12(b)(6).

Defendants contend they are entitled to qualified immunity with respect to claims against them in their individual capacities. A public official is immune from suit in his individual capacity as long as the alleged conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *See, e.g., Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Therefore, the first question before the Court is whether plaintiff has articulated facts which, if true, would represent a violation of clearly established constitutional rights. *See Hale v. Townley*, 45 F.3d 914 (5th Cir. 1997). If so, the next step is to determine whether the defendant's conduct was objectively reasonable at the time of the incident. *See id.*

It is the plaintiffs' contention that defendants engaged in a civil conspiracy, denied access to a public accommodation on the basis of national origin, denied a protected right to enter into a contractual relationship, and violated plaintiffs' constitutional right to free speech and free expression under the First Amendment. Even if plaintiffs' rights were "clearly established" – a supposition that is not nearly as clear as plaintiffs' counsel would suggest – it is clear from the record that defendants' actions were objectively reasonable at the time of the incident. *See, e.g., Whatley v. Philo*, 817 F.2d 19 (5th Cir. 1987). Allowing plaintiffs to enter the stadium with Confederate flags would have violated UIL regulations and would have likely led to a confrontation given the history of the Confederate flag at Hays High School. Furthermore, defendants' decision to prohibit plaintiffs' from entering as long as plaintiffs' attempted to violate UIL regulations was perfectly reasonable to protect Hays High School from the unnecessary forfeiture of the football game. In

sum, the record makes it abundantly clear to the Court that defendants are entitled to qualified immunity with regard to the claims against them in their individual capacities.

As for the claims against defendants Hall, Hinojosa, and Presley in their official capacities, defendants contend plaintiffs' claims must be dismissed with prejudice for failure to identify an official policy that led to the alleged constitutional violation. *See Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299 (5th Cir. 1995), *cert. denied*, 517 U.S. 1191 (1996). In this case, defendants assert the flag restriction in question was a policy adopted and enforced by the UIL, not Hays CISD nor Hays High School. Indeed, defendants aver it is their official policy to comply with UIL regulations to avoid disqualification, and thus plaintiffs have failed to plead a cause of action for which these defendants could be held liable even in their official capacities. Plaintiffs' counsel has attempted to replead plaintiffs' claims against the UIL and its representatives, and represents another amended complaint will be filed alleging UIL's regulation is unconstitutional and will seek injunctive relief against the UIL.

Accordingly, the Court enters the following orders[2]:

IT IS ORDERED that plaintiffs' Motion to Extend Time to File Response [#11], plaintiffs' Unopposed Motion for Extension of Time to File Joint Scheduling Order [#13], and plaintiffs' Motion for Leave to File Response to defendant's Motion to Dismiss [#15] are GRANTED;

IT IS FURTHER ORDERED that defendants' Motion to Dismiss [#9] is GRANTED to the extent plaintiffs' claims against defendants Carl Hall, Michael Hinojosa, and Robert Presley in their individual are DISMISSED WITH PREJUDICE, and plaintiffs' claims against defendants Hall,

---

[2]Plaintiffs have already withdrawn their application for temporary restraining order and preliminary injunction [#1-2], and thus the Clerk is DIRECTED to dismiss the same without prejudice.

Hinojosa, and Presley in their official capacities are DISMISSED WITHOUT PREJUDICE based on the existing pleadings;

IT IS FURTHER ORDERED that plaintiffs' Motion to Set Aside Court's February 7, 2002 Order [#17] is DENIED;

IT IS FURTHER ORDERED that defendants Hall, Hinojosa, and Presley submit an affidavit to the Court detailing any personal expenses or costs incurred as a result of being sued in an individual capacity;

IT IS FINALLY ORDERED that plaintiffs' presently pending Motion for Leave to File Amended Complaint [#18] is DENIED without prejudice to plaintiffs' refiling claims for injunctive relief against the University Interscholastic League or its representatives in their official capacities.

SIGNED this the _28th_ day of March 2002.

_Sam Sparks_

UNITED STATES DISTRICT JUDGE